# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 16-CR-0070-05 & 06-CVE |
| | ) |
| CINDY NGUYEN, and | ) |
| VICTORIA TRUONG, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

On November 27, 2017, defendants filed a motion for severance (Dkt. # 275), which the Court denied on December 5, 2017. Dkt. # 300. Now before the Court is defendants Victoria Truong and Cindy Nguyen's motion to reconsider the Court's denial of motion for severance (Dkt. # 306).

In a criminal matter, "'a motion to reconsider may be granted when the court has misapprehended the facts, a party's position, or the law.'" United States v. Huff, 782 F.3d 1221, 1224 (10th Cir. 2015) (quoting Servants of The Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000)). "'Specific situations where circumstances may warrant reconsideration include '(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.'" Id. "'A motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed.'" Id. (quoting Voelkel v. Gen. Motors Corp., 846 F.Supp. 1482, 1483 (D. Kan. 1994)). "We have specifically held that "'[a] motion to reconsider should not be used to revisit issues already addressed or advance arguments that could have been raised earlier.'" Id. (quoting United States v. Christy, 739 F.3d 534, 539 (10th Cir. 2014)).

Defendants renew their argument that their trial should be severed from the trial of the other co-defendants, notwithstanding the Court's denial of their previous motion to sever, in light of the fact that the government has "produced new discovery in this case," i.e. bank, phone, and shipping records between various individuals in California and Georgia, that, according to defendants, "has no relevance" to them. Dkt. # 306, at 2. Defendants argue that "the only effect the new evidence would have at trial would be to confuse and mislead the jury such that jurors would unfairly implicate [defendants] in the charged conspiracies based solely on evidence relating to other defendants," and that this prejudicial effect "warrants a severance." Id. at 5-6.

In response, the government states, "[s]ince the government disseminated" the Georgia bank, phone, and shipping records, "defendants Phong Do and Nha Ly announced their intent to enter guilty pleas." Dkt. # 308, at 2. "In light of Do's and Ly's guilty pleas," the government states further, "the government does not expect to offer any of the Georgia . . . records." Id.

Defendants argue that the Court should sever their trial from the trial of the other co-defendants because the government's introduction of the Georgia records will prejudice them. But the government no longer intends to introduce these records. Accordingly, defendants' motion to reconsider the Court's denial of motion for severance (Dkt. # 306) is **denied** as moot.[1]

**IT IS THEREFORE ORDERED** that defendants' motion to reconsider the courts denial of motion for severance (Dkt. # 306) is **denied**.

**DATED** this 19th day of December, 2017.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[1] To the extent that defendants' motion to reconsider "reurge[s] in full" their original motion for severance (Dkt. # 275), Id. at 7, it is **denied** for the reasons stated in the Court's order denying their original motion for severance. Dkt. # 300.

2